Our next argument is by Zoom in In Re. Simon Zarour, case number 23457. And Mr. Zarour, can you hear us? Yes, Your Honor. Oh, terrific, terrific. Well, I understand that you've reserved one minute for rebuttal, so you have four minutes to make your case before us. And we have, obviously, Mr. Zarour, the benefit of the documents and materials and briefing that you've submitted, so we've read that. Okay. Thank you, Your Honor. I'd just like to bring up the most important thing here is that you have a pro se litigant who filed a complaint, which I believe had more than enough grounds to allow it to go to discovery and prove the issues raised in the complaint, as so ordered by Honorable Judge Swain. I think one of the main things that we're talking, we're discussing, filed appeal, I apologize, my throat, is that the issues raised are basically federal issues, that only a federal court has jurisdiction to actually adjudicate these matters. Although they're intertwined with the state, I think there's a confusion here, or at least there's a mask of confusion, in trying to take away the legitimacy of the actual complaint, and I have brought out many sections in there that the federal cases are only to be exclusively adjudicated by this court, by the federal court, not a state court. Besides that are the issues of the timing. One of the issues brought in the court is that a lot of the documents that were brought to the federal court were independently different than the state court, and were only filed at the bankruptcy level well after the final judgment or the appeal filed in the state court, and those different documents are notes, and the note that I'm speaking is a $5 million note. So it's very severe and very significant. I addressed the differences and discrepancies throughout the notes. I cited two specific cases that were almost mirror cases, and in fact this complaint, again, at a complaint level, as far as I'm concerned, far exceeded the documents that allowed those cases to proceed, to continue from a complaint, and one, in fact, Inmate Petrelli made a copy of the actual complaint. The judge even allowed an amended version, although this evidence, I believe, is far superior than the evidence presented in that court. The timing issue under CD, as mentioned in the brief, I believe, and it's mentioned also with Judge Drain, is that fraud on the court or violation of state, which one would be triggered by the other, of course, if it's fraud on the court, has no time barrier, and I believe that, again, as a complaint, it far exceeded that level to proceed. I believe, indirectly, Judge Drain did actually concede to that. It wasn't, as actually stated, what specifically he expressed, but in the same token, he refers back to PORGES, which I believe is not relative because, again, it's federal issues and federal statutes that I'm trying to adjudicate and to have recruitment for those reasons. I believe counsel even disputed the case of Chevron, which, again, refers back to fraud. Can you speak up just a little bit more loudly? Thank you. I'm sorry, Your Honor. Let me see if I can raise the volume to... Try again. Is that better now? Maybe a little bit better. Okay. A little bit better, or I'll speak a little bit louder. As I mentioned, counsel doesn't even address the Chevron case that I mentioned, and it specifically states that the state court has no issues, has no jurisdiction to adjudicate the federal findings that I'm saying that were produced at a bankruptcy court after the closure of the state court. In fact, these documents prove, and again, we're not dealing with the state court, but prove the documents were different than what was filed. Furthermore, as I mentioned, is that although Judge Schrein did, in one sense, disregard all the facts, I believe that in the complaint, I'm not even sure the degree of all the documents that were presented were properly evaluated. I think it was very short to the point in the address. The Porges case did not consider the evidence. I think it was very significant, and I believe it was a miscarriage of justice to allow something like that. I think that we have your argument. You have reserved some time for rebuttal, and we'll hear from the opposing side. Good morning, Your Honors. Brian Scavino from McAllen, Raymour, Lieber, Pierce on behalf of the appellate JPMorgan Chase Bank. Mr. Zerora's complaint is very familiar to Chase. The allegations he makes about forged loan documents, about incorrect loan documents, his challenges to the validity of the assignment of the mortgage to Chase, these are issues that Mr. Zerora raised and litigated within the foreclosure action. He also raised them on his appeal from the judgment in the foreclosure action. Listening to Mr. Zerora's argument, he really didn't address the reason why his complaint is not allowed to go forward here. There were a few reasons, actually, but in the bankruptcy court, they ruled that his claims are barred by race judicata. And the reason the bankruptcy court ruled that, with which we agree, is because his allegations and the relief he seeks, it overlaps with everything that took place within the foreclosure action. He seeks that the mortgage be voided. I mean, the mortgage would have to reattach to the property. The judgment would have to be vacated for any of that to happen. The relief he seeks, he's complaining he lost rental income from the property because the property was sold at foreclosure sale. He's complaining about the eviction. All the relief he seeks goes to the foreclosure judgment. And it's clear the parties are the same. It's clear that the state court judgment was affirmed on appeal long before he filed this lawsuit, and therefore race judicata applies. You could also take this in a different direction, which is what the district court did in deciding that Rooker-Feldman abstention applied. If you look at the four factors for Rooker-Feldman abstention to apply, it's clear Mr. Zerora lost in state court and that the foreclosure judgment was affirmed on appeal. Am I right that if Rooker-Feldman were to apply, then the dismissal would necessarily have to be without prejudice? On a jurisdictional ground, I believe that's the case, Your Honor. And as you pointed out, Mr. Sabetta, Judge Drain, the bankruptcy judge, dismissed it on race judicata grounds with prejudice. Is that also right? That is correct, Your Honor. So what do we do with that? I think the race judicata dismissal should be affirmed because I think the doctrine clearly applies here. When you look at the allegations that Mr. Zerora is making, he tries to couch it a little bit in the bankruptcy context. He's challenging Chase's proof of claim. He says he's challenging an alleged stay violation. The proof of claim really doesn't even come into play. There were no distributions in the bankruptcy, so Chase was never even paid out under the claim within the bankruptcy context. So do we affirm the district court judgment, which I think is before us, I think, but on a different ground? Or is it that we look through the district court decision and affirm the bankruptcy judge's or court's judgment on race judicata grounds? What do we do? The latter, Your Honor. You look through the district court and affirm the bankruptcy court's judgment on race judicata grounds. Okay. Any further? Unless the court has anything else for me, we'll rest on arguments in our brief. Okay. Mr. Zerora, you've got one minute for a vote. Okay. Okay, Your Honor. I thoroughly understand what he's bringing up, but, again, that's not the argument. Although the complaint is a little bit, I would call it a little bit all over the place with a lot of allegations, but I think there's significant points back to federal statutes that can only be attached to a federal jurisdiction to apply and to use. As far as the state action, we're not trying to recoup necessarily anything that happened in the state court. I don't believe we can. But based on the fact the evidence brought to a bankruptcy court, documents that were different, proves that there were documents fraudulently brought to the bankruptcy court, which I believe is strictly a jurisdictional thing that a federal court can adjudicate. And, again, it is a complaint. And as mentioned throughout the briefs, that in most cases where a pro-litigant, it should be raised to the strongest arguments under Pabon and Wright, as I mentioned, as a pro-litigant. So it may be a little bit all over the place, but I still think it remains the facts are significant. It is a complaint. I believe if discovery, if the complaint is allowed to proceed, I can more than provably make my case and allow it to proceed. Thank you. Thank you very much, Mr. Zeroor. So we'll reserve the decision, which just means, Mr. Zeroor, that you'll have a decision from us at some point after today. That concludes today's argument calendar, and I'll ask the Courtroom Deputy to please adjourn.